# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SONGHUI MARTIN,
            Appellant,

      v.

DEPARTMENT OF DEFENSE,
            Agency.

DOCKET NUMBER
SF-0752-19-0687-I-4

DATE: April 29, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Mt. Pleasant, South Carolina, for the appellant.

<u>Douglas Frison</u>, Esquire, and <u>Jennifer Kehe</u>, APO, APO/FPO Pacific, for the agency.

<u>Latisha Clinton</u>, Alexandria, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her removal as moot and denied her affirmative defenses. On petition for review, the appellant argues, among other things, that her removal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

constituted reprisal for her equal employment opportunity (EEO) activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant proved that her EEO activity was a motivating factor in, but not a but-for cause of, her removal, we AFFIRM the initial decision.[1]

## DISCUSSION OF ARGUMENTS ON REVIEW

Title VII prohibits an employer from both (1) discriminating against an employee on the basis of race, color, religion, sex, or national origin, and (2) retaliating against an employee for complaining about prior discrimination or retaliation. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). An appellant may be entitled to injunctive and other "forward-looking relief" by proving a claim of Title VII discrimination under the motivating factor standard. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. Motivating factor can be proven by showing that a prohibited consideration played "any part" in the contested action. *Id.*, ¶ 21. But in order to obtain full relief, including status quo

---

[1] The appeal of the appellant's alleged involuntary resignation, *Martin v. Department of Defense*, MSPB Docket No. SF-0752-22-0196-I-2, will be adjudicated in a separate decision.

ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, an appellant must show that discrimination was a but-for cause of the employment outcome. *Id.*, ¶ 22. The U.S. Supreme Court has explained that "a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." *Bostock v. Clayton County, Georgia*, 590 U.S. 644, 656 (2020). Under this but-for standard, the burden of persuasion always remains with the appellant. *Pridgen*, 2022 MSPB 31, ¶ 21 n.4.

One document in the record establishes that the appellant's protected activity was a motivating factor in her now-rescinded removal. The deciding official completed a worksheet showing her analysis of the penalty factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), before completing the version of the worksheet attached to the decision notice. *Martin v. Department of Defense*, MSPB Docket No. SF-0752-19-0687-I-4, Appeal File, Hearing Transcript - December 13, 2022 (HT-4) at 244 (testimony of the deciding official); *Martin v. Department of Defense*, MSPB Docket No. SF-0752-19-0687-I-2, Appeal File (I-2 AF), Tab 10; *Martin v. Department of Defense*, MSPB Docket No. SF-0752-19-0687-I-1, Initial Appeal File (IAF), Tab 4 at 114-15. In the earlier *Douglas* factors worksheet, the deciding official wrote, "[d]ue to the chosen inability of [the appellant] to engage in any conversation or attempts by her supervisors to discuss her performance and conduct, I do not see the adequacy or effectiveness of alternative sanctions to deter such conduct in the future." I-2 AF, Tab 10 at 7. In this context, she noted in the worksheet that the filing of EEO complaints was a strategy the appellant used to avoid discussions with her supervisors.[2] *Id.* at 6. Although the worksheet does not specify which EEO activity the deciding official considered, it is

---

[2] The deciding official also noted in the worksheet that the appellant often filed an EEO complaint in lieu of meeting with her supervisors, and after any attempt by her supervisors to meet with her. I-2 AF, Tab 10 at 5-6.

undisputed that the appellant has filed multiple EEO complaints, including, most recently, her 2018 complaint, which alleged reprisal for earlier complaints alleging Title VII discrimination. IAF, Tab 4 at 20-23, 39, 44. The deciding official was aware of this 2018 complaint—as evidenced by her completion of an affidavit in response to it—as well as the appellant's earlier EEO activity. *Martin v. Department of Defense*, MSPB Docket No. SF-0752-19-0687-I-3, Appeal File, Tab 23 at 154-59. Further, despite having completed a revised *Douglas* factors worksheet which did not mention the appellant's EEO activity, IAF, Tab 4 at 114-15, there was no evidence that the deciding official disavowed her statements in the earlier worksheet, or that her decision was ultimately made free of retaliatory considerations.[3] Because the deciding official's statements show that the appellant's EEO activity played a part in her penalty selection, we find the appellant's EEO activity was a motivating factor in the removal.[4]

Other statements in the earlier *Douglas* factors worksheet indicate, however, that the appellant's EEO activity was not a but-for cause of her removal. In addition to the appellant's EEO activity, the deciding official noted on the worksheet the appellant's misconduct of "not following rules and regulations, policies and procedures," and her history of "passing out, getting sick, being absent" whenever her supervisors would attempt to question her about suspected misconduct. I-2 AF, Tab 10 at 5-6. Although the statements regarding the appellant getting sick or passing out raise concerns of disability discrimination, it is unclear that the deciding official referenced incidents related to the appellant's disabilities. The references to the appellant's absences, though

---

[3] At the hearing, the agency representative declined the opportunity to rehabilitate the deciding official regarding her statements in the earlier *Douglas* factors worksheet. HT-4 at 244-45 (redirect examination of the deciding official and ensuing discussion).

[4] However, because the appellant resigned from the agency, and we determine that she failed to establish Board jurisdiction over her involuntary resignation appeal, *Martin v. Department of Defense*, MSPB Docket No. SF-0752-22-0196-I-2, there is no effective forward-looking relief that could be awarded her.

vague, further indicate that, in the deciding official's mind, the appellant's inability to engage with her supervisors was based on more than her filing of EEO complaints. The record thus indicates that the appellant's "strategy" of filing EEO complaints was only one example among several which, according to the deciding official, demonstrated her "chosen inability" to speak with her supervisors. It is therefore not apparent that the outcome in the causal analysis would have changed had the deciding official not considered the appellant's EEO activity; the worksheet indicates that the deciding official could have concluded that the appellant deliberately failed to engage her supervisors nonetheless. *Id.* at 6-7.

Of course, this discussion does not detract from the relationship between the appellant's removal and the misconduct that precipitated it. The Supreme Court in *Bostock* noted that often, events have multiple but-for causes. 590 U.S. at 656. The record shows such to be the case here. In the same *Douglas* factors worksheet in which she commented on the appellant's EEO activity, the deciding official stated that the "seriousness of the situation" presented by the appellant's misconduct "warrants removal for the health, safety and welfare of students." I-2 AF, Tab 10 at 6. She also noted regarding the nature and seriousness of the offenses that the appellant failed numerous times to provide for students because of her negligence. *Id.* at 5. As an example, the deciding official observed that an incident in which the appellant sent a student with a broken arm to class rather than the emergency room "speaks volumes," indicating that the appellant's negligence was her predominant concern. *Id.* Consistent with these statements, in her revised *Douglas* factors worksheet, the deciding official stated that the appellant's offenses were very serious because they indicated she was not properly caring for students, and that struck at the "very heart" of her position. IAF, Tab 4 at 114. At the hearing, she testified that she based her removal decision on the appellant's misconduct, which "put the [a]gency at risk." HT-4 at 224 (testimony of the deciding official). We agree with the administrative

judge that the agency had legitimate, non-discriminatory, non-retaliatory reasons for proposing discipline for each of the charges and specifications, and we find that these reasons constituted the overarching but-for cause of the appellant's now-rescinded removal.

### NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.